STANHOPE *v.* VILLAGE OF HART.

MUNICIPAL CORPORATIONS—PUBLIC UTILITY—FRANCHISE IN MORT-GAGE MUST BE APPROVED BY ELECTORS—INJUNCTION.

Section 24, Art. 8, of the Constitution, authorizing the issuance of mortgage bonds beyond the limit of bonded indebtedness by a municipality for the purpose of acquiring a public utility, and providing that a franchise shall be included in said mortgage for the operation of said plant in case of foreclosure, must be construed in connection with sections 23 and 25 of said article, which require that any franchise to be granted shall first receive the affirmative vote of three-fifths of the electors, and, therefore, where a proposed mortgage and franchise have not been submitted to the electors, erection of a proposed public utility may be enjoined by taxpayers of the municipality.[1]

Appeal from Oceana; Vanderwerp (John), J. . Submitted October 20, 1925. (Docket No. 109.) Decided December 22, 1925.

Bill by Elmer Stanhope and others against the village of Hart and others to enjoin the establishment of a municipal lighting plant. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs. Rehearing denied April 6, 1926.

*Earl C. Pugsley* (*Charles B. Cross,* of counsel), for plaintiffs.

*F. E. Wetmore,* for defendants.

WIEST, J.   Resident taxpayers of the village of Hart filed the bill herein to enjoin the village officers from establishing a municipal hydro-electric plant at

[1]Municipal Corporations, 28 Cyc. pp. 879, 1738 (Anno).

an intended cost of $127,500. The legal bonding limit of the village is about $63,000. The electors of the village authorized a hydro-electric plant. By another ballot the electors authorized bonds to the amount of $62,500 for such purpose. The estimated cost of the proposed plant, approved by the village trustees, but not submitted to the electors, is $127,500. It is proposed by the village officers to use the $62,500 as far as it will go in constructing the plant and then mortgage the plant for $65,000 for its completion. Plaintiffs contend that, until the voters have authorized the proposition as a whole, there exists no power to acquire and mortgage. But one point merits discussion, and that is whether, under the provisions of the Constitution, the franchise in the mortgage, proposed to be given, may be granted by the trustees or requires the affirmative vote of the electors.

Article 8 of the Constitution relates to local government, sometimes called home rule, and the measure of such government was somewhat amplified in the Constitution of 1908, but checks thereon were not entirely removed. Section 23 of that article provides:

"Subject to the provisions of this Constitution, any city or village may acquire, own and operate, either within or without its corporate limits, public utilities for supplying water, light, heat, power * * * to the municipality and the inhabitants thereof." * * *

Section 25 provides:

* * * "Nor shall any city or village acquire any public utility or grant any public utility franchise which is not subject to revocation at the will of the city or village, unless such proposition shall have first received the affirmative vote of three-fifths of the electors of such city or village voting thereon at a regular or special municipal election." * * *

The grant of power and method of exercise thereof are clearly expressed in these sections.

Section 24 provides:

"When a city or village is authorized to acquire or operate any public utility, it may issue mortgage bonds therefor beyond the general limit of bonded indebtedness prescribed by law: *Provided,* That such mortgage bonds issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such city or village, but shall be secured only upon the property and revenues of such public utility, including a franchise stating the terms upon which, in case of foreclosure, the purchaser may operate the same, which franchise shall in no case extend for a longer period than twenty years from the date of the sale of such utility and franchise on foreclosure."

It is contended, in behalf of defendants, that section 24 stands alone and is not to be read in connection with the other two sections quoted. With this we do not agree. The power to be exercised by the village trustees and electors is measured by the three provisions. Any mortgage given must carry an irrevocable franchise, operative for not more than 20 years after foreclosure. Such franchise gives vitality, in case of foreclosure, to otherwise dead property and, of course, offers the principal inducement for the loan. May such a franchise come into existence and be operative without any action by the electors beyond their authorization of a hydro-electric plant and of less than one-half the cost of the physical property? There must be a franchise with the mortgage; the Constitution so provides. Such franchise must be granted by authority of law. The franchise must not be revocable at the will of the village during the period fixed for its duration after it is operative under mortgage foreclosure. May the trustees grant such a franchise, or must the electors authorize the franchise. To hold the trustees may grant the franchise brings an exception to the inhibition in section 25, without any such being expressed therein or permissible by necessary intendment. To hold

authority must come from the electors, serves the letter and spirit of all the provisions, admits of every benefit and protection to the public and to the mortgagee and saves to the electors the right of local government. The franchise in the mortgage must be granted *in præsenti* to become operative *in futuro;* and it must be irrevocable by the village, for the period fixed therein, after it becomes operative through foreclosure. The franchise must be granted before the mortgage is given for it is a part of the security required by the Constitution to be incorporated in the mortgage. No such franchise can be enacted by the trustees, "unless such proposition shall have first received the affirmative vote of three-fifths of the electors of the city or village voting thereon at a regular or special municipal election."

The provisions of the Constitution clearly point decision herein, and we find no occasion to go to statutory provisions on the same subject. The Constitution controls, and we need only say the statutes cited are but declaratory of the plain provisions of the Constitution and do not sustain the position taken by defendants.

The decree in the circuit is reversed and one will be entered here, restraining defendants from granting any franchise, to be included in the mortgage of the utility, unless and until such "proposition shall have first received the affirmative vote of three-fifths of the electors of the city or village voting thereon at a regular or special municipal election." Plaintiffs will recover costs.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.